Dear Representative Pinac:
This office is in receipt of your recent opinion request regarding the application of La.R.S. 6:333 to credit unions. You also asked whether such credit unions would have to comply with the aforementioned statute as well as the Federal Gramm-Leach-Billey Act of 1999.
La.R.S. 6:333 states in pertinent part: "no bank or its affiliate shall disclose any financial records to any person other than the customer to whom the financial records pertain " Furthermore, in the definitions section of the above statute, a "bank" is defined as: " any entity organized to engage in the business of banking [and shall] also mean a savings bank, a savings and loan association or any other business offering credit." Merriam Webster's Dictionary of Law defines a credit union as "a cooperative association that makes small loans to its members at low interest rates and offers other banking services (as savings and checking accounts)" (emphasis added). This definition seems to fit a credit union into the definition of a bank under La.R.S.6:333.
Also, it is noted that a new provision was added to La.R.S. 6:333
in 2003. Section 3 of Act No. 639 of that year provides: "all financial institution as defined in R.S. 46:236.1.1 and all banks defined in R.S. 6:333 shall comply with the provisions of this Act by January 1, 2005." La.R.S. 46:236.1.1 lists which entities are considered to be a financial institution in Section 3. Section 3(c) lists "any federal credit union or state credit union, as defined in Section 101 of the Federal Credit Union Act." In that Act, a credit union has the purpose of "promoting thrift among its members and creating a source of credit for provident or productive purposes." The credit union must also be organized in accordance with the provisions of Chapter 14 of Title 12 of the United States' Code.
By adding the provision to include financial institutions defined in R.S. 46:236.1.1, the legislature intended that credit unions be included in the non-disclosure section. Therefore the provisions of La.R.S. 6:333 do apply to credit unions.
In your letter, you stated that the Gramm-Leach-Billey Act requires a financial institution to comply with its provisions, as well as any state provisions which provide for greater consumer protection. As Louisiana's law does provide more consumer protection, it appears that a credit union would have to comply with both acts.
I trust that this adequately responds to your request. If you have any questions and/or additional information becomes necessary, please advise.
Yours very truly,
 CHARLES C. FOTI, JR.
ATTORNEY GENERAL
 By: ________________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./mq